429 P.2d 981

**GARRETT FREIGHTLINES, INC., and Barton F. Lyman, dba Lyman Truck Lines, Plaintiffs,**

v.

**Joe C. HUNT, dba Hunt Truck Lines, and Public Service Commission of Utah et al., Defendants.**

No. 10618.

Supreme Court of Utah.

June 30, 1967.

---

Skeen, Worsley, Snow & Christensen, Wood R. Worsley, Salt Lake City, Maurice H. Greene, Boise, Idaho, for plaintiffs.

Phil L. Hansen, Atty. Gen., Lynn S. Richards, Watkins, Pace & Watkins, Lorin N. Pace, Richards, Bird, Hart & Kump, Lon Rodney Kump, Salt Lake City, for defendants.

CROCKETT, Chief Justice:

Plaintiffs, competing motor carriers, seek reversal of an order of the Public Service Commission which granted to defendant, Hunt Truck Lines, a certificate of convenience and necessity which merges its prior common carrier authority of general commodities between Salt Lake City and Blanding with similar authority previously held by R. A. Gould to operate in Grand and San Juan Counties, with some minor revision therein.

Plaintiffs charge that the Commission committed error in considering the application as one for a simple transfer of a franchise for an existing service, the public convenience and necessity for which was shown by the existence of the service. See Collett v. Public Service Commission, 116 Utah 413, 211 P.2d 185. They urge that because it involved some difference in service it was necessary to adduce new and independent proof of the public convenience and necessity for the changed service; and further that the granting of the instant certificate is unwise and improvident because it fails to protect their rights as existing carriers.

█ We do not disagree with the principles asserted by plaintiffs. In Lake Shore Motor Coach Lines, Inc. v. Bennett, 8 Utah 2d 293, 333 P.2d 1061, we discussed the requirement of proving necessity for any proposed service and the responsibilities of the Commission in safeguarding the ability of existing carriers to maintain financially sound operations to assure efficient and economical service to the public on the long term basis. We recognize that the Public Service Commission is in a better position than are we to survey the detail of policy considerations of that character. It is given

**236**

that responsibility under the law; it presumably has specialized knowledge and experience in this field, often referred to as its expertise; and it has the usual advantages of the trial court in its proximity to the parties and the witnesses. Cf. statement in Nokes v. Continental Mining & Milling Co., 6 Utah 2d 177, 308 P.2d 954. Due to these considerations, when the Commission has heard the evidence and made its findings and order, they are indulged with the presumption of correctness and validity; and we will not reverse unless there is no reasonable basis therein to support them.

It appears that the Commission gave due consideration to the factors hereinabove discussed in arriving at its determination that the certificate should be granted, and including the testimony from a number of users of this motor carrier service that as modified, deliveries will be speedier and at more convenient times than formerly. There is therefore no basis upon which it could be concluded that the Commission's action was capricious and arbitrary, see Rudy v. Public Service Commission, 1 Utah 2d 23, 265 P.2d 400. Accordingly it must be, and is hereby, affirmed.

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.